UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LONESTAR SITE DEVELOPMENT,     :
LLC,                           :
                               :
    Plaintiff,                 :
                               :   CASE NO. 3:08-CV-576(RNC)
V.                             :
                               :
ARCH INSURANCE COMPANY,        :
                               :
    Defendant.                 :

RULING AND ORDER

This diversity case involves a claim filed by the plaintiff,
Lonestar Site Development, LLC., against a contract surety
payment bond issued by the defendant, Arch Insurance Company, in
favor of its principal, M.A. Angeliades, Inc. (M.A.), the general
contractor on a State of Connecticut Department of Public Works
project at Northwestern Community College (the Northwestern
Project).  Plaintiff submits that it is entitled to recover the
full amount of the claim on the ground that the defendant failed
to reject the claim in a timely manner under CONN. GEN. STAT. § 49-
42.  Defendant argues that it has a right to a set-off arising
from the plaintiff's default under a different subcontract with
M.A. on a separate construction project at Tunxis Community
College (the Tunxis Project).  Plaintiff has moved for partial
summary judgment (doc. 34) arguing that the defendant should be
precluded from maintaining the set-off defense.   For reasons
that follow, I conclude that the defense is not available.

II.  <u>Background</u>

In July 2005, plaintiff entered into a subcontract with M.A. as general contractor to perform site development work at the Northwestern Project.  M.A.'s obligations to the plaintiff were secured by a payment bond issued by the defendant.  By letter dated December 14, 2007, plaintiff submitted a claim against the bond for work performed in the amount of $132,385.81.  Defendant received the letter on December 18, 2007.  By letter dated January 29, 2008, the plaintiff supplemented its claim bringing the total amount to $144,399.78.  By letter dated April 4, 2008, the defendant, through its counsel, denied the claim.  Plaintiff then brought this action alleging a right to recover the full amount of the claim based on the defendant's failure to reject the claim within the 90-days provided by Conn. Gen. Stat. § 49-42.

Plaintiff also had a subcontract with M.A. as general contractor to perform site development work at the Tunxis Project.  This subcontract was formed in August 2005.  M.A.'s obligations to the plaintiff under this subcontract were secured by another payment bond issued by the defendant.  On September 11, 2007, M.A. terminated the plaintiff's subcontract citing a failure to cure a default.  On December 18, 2007, the defendant received a claim from the plaintiff against the bond it issued on the Tunxis Project.  On January 29, 2008, M.A. sent a letter to the defendant stating that the plaintiff was not entitled to any

additional payments on the Tunxis Project.  The letter stated
that M.A. had incurred costs in excess of $400,000 to complete
the work and was "in the process of compiling the exact cost of
completion and fully intend[ed] to pursue recovery of said costs
from Lonestar."  M.A. sent a copy of the letter to plaintiff's
counsel in order to put the plaintiff on notice that M.A. would
be "taking action to recoup the additional monies expended."  On
August 8, 2008, the plaintiff commenced an action in state court
against the defendant and M.A. alleging wrongful termination on
the Tunxis Project and seeking to recover for work performed.
That action is ongoing.

Defendant states that it has received an assignment of all
M.A.'s rights under the bonded contracts through a general
indemnity agreement.  There is no evidence in the record that the
plaintiff knew about the indemnity agreement before the
commencement of this action.

Approximately two months after the plaintiff commenced this
action, M.A. sought to intervene in the action asserting a set-
off based on the Tunxis Project of $554,440.28.  Magistrate Judge
Martinez denied the motion stating that the set-off claim would
inject a "wholly unrelated construction project" and collateral
issues into this litigation.  No objection was filed to that
ruling.

III. <u>Discussion</u>

Plaintiff argues that the defendant cannot establish the legal requirements for a set-off under state law, in particular, that the plaintiff had notice of the debt due the defendant at the time this action was brought, that the debt is liquidated and that the debt is presently due and owing.  The defendant responds that the plaintiff received notice of M.A.'s claims of set-off from the Tunxis Project before initiating this action, and that the debt claimed for the Tunxis Project is ascertainable under a formula fixed in the contract.  I agree with the plaintiff that the defense of set-off is not available because the defendant cannot establish the legal requirements for a set-off under state law.[1]

Under Connecticut law, a defendant is not entitled to set-off a debt claimed by assignment unless the plaintiff had notice at the commencement of the action that the debt was due the defendant.  § 52-139(b).  The evidence does not support a finding that the plaintiff knew the defendant was the assignee of a debt owed to M.A. under the Tunxis contract at the time this action was commenced.  In the absence of proof of such notice, the set-

---

[1]  Plaintiff also contends that (1) the defendant failed to respond to the plaintiff's bond claim in accordance with § 49-42, thereby waiving substantive defenses, and (2) M.A. failed to comply with notice requirements in the subcontract for the Tunxis Project, which precludes the defendant from asserting a claim against the plaintiff.  It is unnecessary to reach these issues to rule on the present motion and I decline to do so.

4

off defense necessarily fails.

Moreover, the debt claimed by the defendant for the Tunxis Project was not liquidated at the time this action was brought, as required by Connecticut law to support a claim of set-off. See General Consolidated, Ltd. v. Rudnick & Sons, Inc., 237 A.2d 386, 390 (Conn. App. 1967).  To satisfy this requirement, a debt must be "susceptible of being made certain in amount by mathematical calculation from factors which are or ought to be in the possession or knowledge of the party to be charged."  Rifkin v. Safenovitz, 40 A.2d 188, 189 (Conn. 1944).  In M.A.'s letter to the defendant dated January 29, 2008, M.A. stated that it was "in the process of compiling" the amount it intended to claim. It was not until M.A. filed its motion to intervene that a number was proffered.  In addition, the debt allegedly owed to M.A. remains genuinely disputed; the plaintiff has brought suit in state court alleging that it is entitled to recover against M.A. for wrongful termination and the suit is ongoing.  Given M.A.'s apparent uncertainty about the amount of the debt when this action was filed, and the disputed nature of the debt, the defendant cannot rely on the alleged debt to provide the basis for a set-off defense.  See Rifkin, 40 A.2d at 189.

In General Consolidated, the court considered it relevant that the matters alleged in the special defenses were not so connected with the debt alleged in the complaint that their determination was necessary for a full determination of the

5

rights of the parties with regard to the debt at issue.  237 A.2d at 290.  The court also observed that the amount claimed by the defendant might not be due at all and the defendant had an adequate remedy in another court.  See id.  The same is true here.  Issues relating to the Tunxis Project are not so related to the sole issue presented by the complaint in this case that they must be determined here.  Moreover, those issues can be litigated and fully determined in the state court action.

III. <u>Conclusion</u>

Accordingly, plaintiff's motion for partial summary judgment to preclude the set-off defense (doc. 34) is hereby granted.  The "Supplemental Motion for Summary Judgment" shown on the docket (doc. 48) can be terminated as moot.

So ordered this 30th day of September 2011.


                              /s/ RNC
                         Robert N. Chatigny
                     United States District Judge